## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| BRYAN BEDI | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER:  19-12590 |
| MELINDA PRICE | | SECTION:  "D" (3) |

### REPORT AND RECOMMENDATION

The District Court has referred this matter to this Court under 28 U.S.C. § 636(c) for a determination of whether federal subject-matter jurisdiction exists. [Doc. #4]. *Pro se* defendant Melinda Price removed the above-captioned matter to this Court in which she raises various domestic claims against her ex-husband, plaintiff Bryan Bedi, before, during, and after divorce and child-custody proceedings. She further alleges violations of her civil and due process rights on the part of her ex-husband and – although it is unclear – the state courts.

On October 28, 2019, this Court ordered Melinda Price to show cause by Friday, November 22, 2019 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii).  On November 13, 2019, Price responded. [Doc. #6].  On November 22, 2019, she filed an Addendum Answer to Rule to Show Cause. [Doc. #7].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).   In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).   However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.   On its face, plaintiff's complaint fails to meet the requirements of the statute.   There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*[2]

Federal courts are courts of limited jurisdiction.   "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).   Price premises federal jurisdiction on "[f]ederal violations of such gross negligence of your movers' civil rights and right to due process that this case warrants these proceedings be removed from the lower courts .. . . ." [Doc. #1 at p. 1]. But a review of the complaint reveals that no federal question exists here.

---

[1]     *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]     *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Disputes arising in state-court divorce and child-custody proceedings do not necessarily raise sufficient federal questions so as to confer upon a federal district court subject matter jurisdiction. *See Brown v. Hammonds*, 747 F.2d 320, 321 (5th Cir. 1984).[3]

And even were Price to allege violations of her civil rights and due process, such claims arise under 42 U.S.C. § 1983, which necessarily must be committed by a state actor.   The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).   The Fifth Circuit has further explained that "[p]rivate individuals generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)).   To establish fair attribution,

> the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

---

[3]   "The reasons for federal abstention in [domestic relations] cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978). Relevantly descriptive of the present suit, "[s]tripped of its verbiage, this is no more – and no less – than a domestic relations case. . . . The language of the complaint shows this to be part of an ongoing series of disputes centering around the dissolved but still stormy [marital] relationship," and thus falling within the "judicial exception to federal jurisdiction [that] has been created with respect to intra-family feuds." *Id.*

*Id.* (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988)).   One way a private citizen may be a state actor is if he "is involved in a conspiracy or participates in joint activity with state actors."   *Ballard*, 413 F.3d at 518 (citing *Adickes*, 398 U.S. at 150-52); *Moody v. Farrell*, 868 F.3d 348 (5th Cir. 2017). There is no more than a conclusory allegation that Bedi or his attorney is a state actor because of their involvement in a conspiracy with the state-court judges here.

Neither does diversity jurisdiction exist here.   Bedi, his attorney, and Price all appear to be Louisiana citizens. And even were diversity jurisdiction to exist, the domestic relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine that allows the federal courts to abstain from deciding cases that present intra-family disputes. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *see also Jagiella v. Jagiella*, 647 F.2d 561, 564 n. 11 (5th Cir. 1981) (noting debate over whether domestic relations exception to diversity jurisdiction results from policy of abstention or from lack of statutorily-granted jurisdiction); *see generally* C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3609 (2d ed. 1984). As a general rule, federal courts refuse to hear suits for "divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (citations omitted); *see* Note, Application of the Federal Abstention Doctrines to the Domestic Relations Exception to Federal Diversity Jurisdiction, 1983 Duke L.J. 1095, 1095 (1983). Not every case involving a dispute between present or former spouses, however, falls within the domestic relations exception. Thus, "[a] district court may not simply avoid all diversity

cases having intrafamily aspects." *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980); *see Peterson*, 708 F.2d at 466 ("[T]he domestic relations exception has been narrowly confined.") (citation omitted).   Moreover, in close cases, the district court may not resolve by "technical appellation" the issue whether to exercise its jurisdiction. *See Jagiella*, 647 F.2d at 565.   Rather, the court should "sift through the claims of the complaint to determine the true character of the dispute to be adjudicated," *Firestone*, 654 F.2d at 1216, keeping in mind the policies that support federal court abstention in domestic relations cases. *See Erspan v. Badgett*, 647 F.2d 550, 553 n.1 (5th Cir. 1981). All of the claims that Price raises here arise from her divorce proceeding, and, even were the parties diverse, this Court would abstain from exercising jurisdiction over no more than domestic state-law claims. *See Brown*, 747 F.2d at 321.

Further, and while they are not named in the lawsuit, Price appears to question the rulings of the state courts during her divorce proceedings. This Court cannot provide the relief that Price seeks.   The *Rooker-Feldman* doctrine bars jurisdiction in this Court because Price essentially seeks review of Louisiana state-court judgments in this Court. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 (1983). The *Rooker-Feldman* doctrine provides that this Court may not sit in review of a state-court judgment. *See id.* Because that is precisely what Price seeks, the Court finds that *Rooker-Feldman* requires dismissal of any such claims.

Neither of Price's memoranda in response to the rule to show cause cures these problems with her removal.   In both pleadings, Price again outlines her dissatisfaction with the state-court proceedings that resulted in her divorce, arguing that she was disqualified from running for Sheriff for not having paid taxes, that the state court and Bedi and his attorney – along with the state-court

judges – committed fraud during her divorce proceeding, that she had no fair hearing during the divorce proceedings, that she has contacted her state representatives in Washington, D.C. to no avail, and so on.   These aggrievements, however, do not rise to the level of federal subject-matter jurisdiction as demonstrated by the case law outlined above.   Moreover, Price has never named a state actor in this removal proceeding – the only opposing party is her husband, and this domestic lawsuit arises solely from their state-court divorce proceeding. For these reasons,

**IT IS RECOMMENDED** that this lawsuit be REMANDED to the 29th Judicial District Court for St. Charles Parish, Louisiana.[4]

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of December, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[4]      It is unclear from the pleadings whether the state-court proceedings have concluded.   It appears that the partitioning of community property may be ongoing.   Out of an abundance of caution, therefore, this Court recommends remand to the state court instead of dismissal without prejudice to allow the state court to properly resolve this dispute.